735 P.2d 992

**Elaine THEISS, Plaintiff-Respondent,**

v.

**James F. THEISS, Defendant-Appellant.**

**No. 16464.**

Supreme Court of Idaho.

March 20, 1987.

Daniel T. Eismann, and Roderick B. Wood, of Eismann & Wood, P.A., Caldwell, for defendant-appellant.

Renae Hoff, of Gunn & Hoff, Caldwell, for plaintiff-respondent.

DONALDSON, Justice.

This is a divorce case involving the award of temporary spousal maintenance. The question presented is whether I.C. § 32–705 allows for temporary rehabilitative maintenance to enable a spouse to obtain a college degree even though she is presently capable of finding employment without that degree. The magistrate awarded the maintenance, and the district court, acting in an appellate capacity, affirmed. For the reasons explained below, we vacate the judgment and remand for further findings.

The facts, as found by the magistrate are straight forward. James Theiss and Elaine Theiss had been married for seventeen years at the time of their divorce. Custody of the two minor children—ages 15 and 11 at the time of the divorce—was awarded to Elaine for nine months of the year and to James for three months of the year. James was required to pay $200 per month per child in support for the nine months the children resided with Elaine. The community assets and debts were divided equitably.

Prior to the marriage, Elaine worked on various assembly line operations. However, after marriage, Elaine chose to be a homemaker, remaining at home full time with the children. James is a journeyman electrician, earning over $30,000 per year. When Elaine filed for divorce, she request-

ed spousal maintenance of $250 a month for a period of forty-eight months to enable her to go to college to obtain a teaching degree. However, when the parties first separated in 1983, Elaine found employment as a bank teller and as a clerk at a title company (but quit both jobs due to depression, despondency and minor illness). She also obtained a clerical position with the Caldwell School District, but was discharged due to inadequate performance.

The magistrate court awarded the maintenance to Elaine and the district court affirmed. James has appealed, arguing that Elaine should not have been awarded spousal maintenance because she is capable of supporting herself through employment.

Our standard of review in divorce cases is well settled. A spousal support order is a matter committed to the sound discretion of the trial court and will not be disturbed unless that discretion has been abused. *Glavin v. Glavin,* 94 Idaho 813, 498 P.2d 1286 (1972). The district court, when sitting as an appellate court, must review the trial court's (magistrate's) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Nicholls v. Blaser,* 102 Idaho 559, 633 P.2d 1137 (1981). If those findings are so supported and the conclusions follow therefrom, and if correct legal principles have been applied, then the district court's decision affirming a magistrate's judgment will be upheld on further appeal. *Ustick v. Ustick,* 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983). Conversely, if the magistrate's findings are not supported by the facts, or if incorrect legal principles have been applied, then we are not bound by the district court's decision affirming the magistrate's judgment.

In awarding the maintenance, the magistrate relied on I.C. § 32–705. This statute addresses maintenance awards. It states:

"**32–705. Maintenance.**—1. Where a divorce is granted, for an offense of either spouse, including a divorce granted upon the complaint of the party at fault, the court may grant a maintenance order for the innocent spouse if it finds that the innocent spouse seeking maintenance:

"(a) Lacks sufficient property to provide for his or her reasonable needs; and

"(b) Is unable to support himself or herself through employment.

"2. The maintenance order shall be in such amounts and for such periods of time the court deems just, after considering all relevant factors which may include:

"(a) The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;

"(b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;

"(c) The duration of the marriage;

"(d) The age and the physical and emotional condition of the spouse seeking maintenance;

"(e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;

"(f) The tax consequences to each spouse."

This statute is relatively new. It was enacted in 1980 to cure constitutional defects of the prior alimony statute—I.C. § 32–706.[1] *See Murphey v. Murphey,* 103 Idaho 720, 653 P.2d 441 (1982); *Neveau v. Neveau,* 103 Idaho 707, 652 P.2d 655 (Ct.App. 1982).

James, in arguing that Elaine should not be awarded maintenance, primarily focuses on subsection (1)(b). He contends that if the spouse seeking maintenance is able to

---

1. Former I.C. § 32–706 was repealed by the legislature in response to the United States Supreme Court case of *Orr v. Orr,* 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). In *Orr* the Supreme Court declared an Alabama statute very similar to I.C. § 32–706 unconstitutional because the statute only authorized awards of alimony to women.

support herself in the absolute sense through any type of employment, then that spouse is not entitled to maintenance.

To determine if an award of spousal maintenance is proper, we must glean the legislative intent of I.C. § 32–705 and give effect thereto. *Gumprecht v. City of Coeur d'Alene*, 104 Idaho 615, 661 P.2d 1214 (1983). We must not be guided by a single sentence or part thereto, but must look to the provisions of the entire statute and its object and policy. *Local 1494 of the International Association of Firefighters v. City of Coeur d'Alene*, 99 Idaho 630, 639, 586 P.2d 1346, 1355 (1978).

With these principles in mind, we turn to the statute at hand. The first requirement—not at issue here—is that maintenance may be awarded only to an innocent spouse. Second, the trial court in its discretion, may grant maintenance if two conditions are satisfied: (1) the spouse's separate property and community property awarded in the divorce decree must be insufficient to meet his or her reasonable needs; and (2) the spouse must be unable to support himself or herself through employment. James contends that the second requirement can be satisfied by any type of employment. He argues that a person requesting spousal support is required to attempt to support himself or herself by whatever employment is available; and that only if no employment is available should a trial judge award maintenance. We disagree, and do not read the statute so narrowly. Subsection 1(b) must be read in conjunction with the other subsections of the statute. For example, 1(a) refers to the spouse's *reasonable* needs; 2(b) addresses the time necessary for the spouse to acquire *sufficient* education and training to find employment. Construing the statute as a whole, we conclude that the innocent spouse is entitled to maintenance if both the property awarded in the divorce decree (including separate property), and the spouse's potential employment opportunities are insufficient to meet his or her day-to-day needs. However, before any determination as to the amount of maintenance can be made, consideration must be given to all relevant factors that in the trial judge's opinion lead to a fair, just and equitable award. *See Mifflin v. Mifflin*, 97 Idaho 895, 556 P.2d 854 (1976); *see also*, I.C. § 32–705(2). Finally, our interpretation is supported by the objectives of maintenance statutes; to provide for the needs of the innocent spouse and to serve as a substitute for marital support. *Murphey, supra*, 103 Idaho at 723, 653 P.2d at 444 (1982).

With this backdrop in mind, we must determine whether the magistrate abused his discretion in awarding maintenance. The complete record has not been provided for us to review on appeal. Therefore, we must rely upon the magistrate's findings of fact and conclusions of law to determine if there was an abuse of discretion.

The magistrate, in his findings of fact, drew two inconsistent conclusions. First, he states:

> "The more troubling question is to be found in subsection (b) [of 32–705]. It is beyond dispute *that the plaintiff could, but will not support herself through fulltime employment prior to securing her teaching degree.*" (Emphasis added.)

However, later on in his Memorandum Opinion, the magistrate states:

> "That although she would be able to support herself through employment in the absolute sense, considering the entire sweep of the facts and circumstances of this case, that would be a less equitable and reasonable result than merely requiring the defendant to pay spousal maintenance during a reasonable period of the plaintiff's retraining."

It is beyond dispute that Elaine can find employment as a bank teller. Additionally, her skills could enable her to fill any number of clerical positions. The question that has not been answered by the magistrate is whether this type of clerical job will enable Elaine to meet her reasonable needs taking into consideration the criteria set forth in I.C. § 32–705(2). Therefore, we reverse the decision of the magistrate and remand

back for him to make further findings not inconsistent with this opinion.

No costs or attorney fees on appeal.

SHEPARD, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., concur.