806 P.2d 442

**Edward J. McNELIS,**
**Plaintiff–Respondent,**

v.

**Marla P. McNELIS,**
**Defendant–Appellant.**

**No. 18232.**

Supreme Court of Idaho,
Boise, December 1990 Term.

Feb. 22, 1991.

Allen R. Derr & Associates, Boise, for defendant-appellant. Allen R. Derr, argued.

Cosho, Humphrey, Greener & Welsh, Boise, for plaintiff-respondent. Louis H. Cosho, argued.

BAKES, Chief Justice.

Edward and Marla McNelis were married on June 13, 1961, in Boise, Idaho. They had two children, both of whom are now adults. Marla was trained as a medical technician, but after she married Edward she became a full-time homemaker and did not work outside the home during their entire 27–year marriage. Edward is a high-ranking official of the Moore Financial Corporation and heads the company's personal banking project. He earned at least $73,000 a year at the time of the divorce hearing in 1988. At the time of the trial, Mr. McNelis was 49, and Mrs. McNelis was 48.

In 1968 Mrs. McNelis was diagnosed and treated for thyroid cancer. In 1986 she was diagnosed to have cancer of the cervix and was treated with radiation therapy and cesium implants, both of which had adverse side effects. During that treatment doctors discovered she also had lung cancer and totally removed the upper lobe of her right lung. Her doctors consider her to be in remission from these recent bouts of cancer, but the lung cancer has only a 30–40% survival rate. She continued to suffer emotional and physical side effects from her illnesses and treatments at the time of trial.

In 1985 the marital community was worth approximately $2,000,000, much of which was gained through Mr. McNelis's real estate investments. However, by the time of the divorce, the community had lost most of its assets, owed quite a bit of money, and was in financial disarray.

In 1988, Mr. McNelis filed for divorce. Magistrate Stephen Drescher granted a divorce but determined that Mrs. McNelis was an innocent spouse, as Mr. McNelis conceded that he had been unfaithful during the marriage. The magistrate also concluded that Mrs. McNelis had no present earning capacity and slight chances for future employment prospects, given her health and the length of time she had been out of the work force. In light of these conclusions, the magistrate made an unequal division of the community property in favor of Mrs. McNelis and awarded her $2000 a month in permanent maintenance.

Mr. McNelis appealed the magistrate's award of permanent maintenance to the district court. The district court agreed that Mrs. McNelis was entitled to spousal maintenance, but found that the magistrate had erred in failing to set forth specific findings which justified the award of permanent rather than temporary mainte-

nance. The district court remanded the case in order for the magistrate to set forth such specific findings. Mrs. McNelis brought the present appeal from the district court's decision. We now hold that the district court erred in remanding the case, as we find the magistrate's findings sufficient to support the award of permanent alimony.

▮ When this Court reviews a case appealed from a district court's appellate review of a magistrate's decision, our standard of review is to make an independent appellate review of the magistrate's decision, after giving due regard to the district court's ruling. *First Interstate Bank of Idaho v. West,* 107 Idaho 851, 693 P.2d 1053 (1984); *Nicholls v. Blaser,* 102 Idaho 559, 633 P.2d 1137 (1981). If substantial and competent evidence supports the magistrate court's findings of fact, we will uphold those findings on appeal. *Shurtliff v. Shurtliff,* 112 Idaho 1031, 739 P.2d 330 (1987).

The magistrate relied on I.C. § 32–705 to support the award of permanent alimony to Mrs. McNelis. I.C. § 32–705 states:

**32–705. Maintenance.**—1. Where a divorce is granted, for an offense of either spouse, including a divorce granted upon the complaint of the party at fault, the court may grant a maintenance order for the innocent spouse if it finds that the innocent spouse seeking maintenance:

(a) Lacks sufficient property to provide for his or her reasonable needs; and

(b) Is unable to support himself or herself through employment.

2. The maintenance order shall be in such amounts and for such periods of time the court deems just, after considering all relevant factors which may include:

(a) The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;

(b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;

(c) The duration of the marriage;

(d) The age and the physical and emotional condition of the spouse seeking maintenance;

(e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;

(f) The tax consequences to each spouse.

Pursuant to section 32–705, the magistrate found that Mrs. McNelis could not independently support herself through employment before first retraining for several years. He also pointed out that the various forms of cancer from which she had suffered "impaired her health," and he specifically noted that the lung cancer was "particularly pernicious" and "has a high rate of mortality." Based on these findings, the magistrate concluded that:

Although I am of the opinion that Idaho Code 32–705, in conjunction with the relevant appellate authorities, inclines the trial courts towards setting a fixed duration of spousal maintenance ... I think such a fixed term is grossly inequitable in a case such as this where the innocent and needy spouse is medically infirm.

On appeal, the district court agreed that Mrs. McNelis was entitled to spousal maintenance, stating that "this Court finds that there is substantial competent evidence to support the magistrate's finding that Respondent is *presently* unable to support herself through employment and, therefore, *entitled* to spousal maintenance." (Emphasis in original). However, the district court found that the magistrate "erred by not setting forth specific reasons for its discretionary order for *permanent* spousal support" (emphasis in original), rather than temporary support, and remanded the case to the magistrate to make such findings. We disagree with the district court's decision to remand and affirm the magistrate's judgment.

▮ I.C. § 32–705 permits an award of maintenance if the recipient is an innocent spouse, lacks sufficient property to provide

for his or her needs, and cannot adequately support him or herself through employment. In this case, the magistrate found that Mrs. McNelis was the "innocent spouse"; that she lacked sufficient property to support herself; that she could not obtain employment at the present time because her medical technician skills were outdated; and that it would take approximately two to three years for her to retrain herself. These findings are supported by substantial evidence.

From those findings the magistrate concluded that the maintenance award to Mrs. McNelis should be permanent rather than fixed in duration. The magistrate court's opinion clearly reflects that it was concerned about Mrs. McNelis' medical history, which suggested to him that she probably will never be able to retrain herself because of her bouts with cancer, which have sapped her physical and emotional strength, and the effect they have had on her stamina and ability to complete a retraining course. Viewing the record as a whole, we hold that the magistrate's findings were adequately supported by the record in this case, and thus we affirm the magistrate's award of permanent alimony. *Hentges v. Hentges*, 115 Idaho 192, 195, 765 P.2d 1094, 1097 (1988) ("Where, as here, the reasons clearly appear from the record, a failure to state specific reasons [supporting an unequal community property distribution] may be disregarded on appeal.").

The district court's decision is vacated, and the magistrate's decision is affirmed. Costs to appellant. No attorney fees allowed.

BISTLINE, JOHNSON, BOYLE and McDEVITT, JJ., concur.