867 P.2d 967

**Leroy R. MULCH, Plaintiff–Appellant,**

v.

**Karen J. MULCH, Defendant–Respondent.**

**No. 19840.**

Supreme Court of Idaho,
Coeur d'Alene, Oct. 1993 Term.

Jan. 11, 1994.

94

Cosho, Humphrey, Greener & Welsh, Boise, for plaintiff-appellant. Scott Tschirgi, argued.

Elsaesser, Jarzabek, Buchanan & Dressel, Sandpoint, for defendant-respondent. Barbara Buchanan, argued.

JOHNSON, Justice.

This is a divorce case. The primary issue concerns an award of spousal maintenance. We first reaffirm that we apply the substantial and competent evidence standard in reviewing a trial court's findings that were the basis for an award of spousal maintenance.

We conclude that there is substantial and competent evidence to support the trial court's findings that were the basis for its award of spousal maintenance, except for the amount of the award.

We conclude that the trial court did not make a specific finding concerning the amount of need for spousal maintenance and that, viewing the record as a whole, there is not substantial and competent evidence to support an implicit finding of need for the amount of spousal maintenance awarded. Therefore, we vacate the award and remand the case to the trial court for reconsideration of the amount of the award, based upon the existing record.

We affirm the trial court's award of attorney fees.

### I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Leroy and Karen Mulch were married in Coeur d'Alene, Idaho, in 1969. At the time of the marriage, Leroy was in the military, and Karen was a teacher in Spokane, Washington. Karen quit her teaching job shortly after the marriage. The parties relocated several times until Leroy retired from the military in 1974. Following Leroy's retirement, the Mulches built a house near Sandpoint, Idaho. In January 1977, Leroy began to work for a wood products company as a foreman, and Karen returned to teaching for several years.

The parties often fought during their marriage. During the divorce trial, Karen testified concerning numerous incidents of physical abuse, including hitting, choking, kicking, pushing, hair-pulling, and slapping by Leroy. Karen suffered physical injuries in several of these incidents.

Leroy denied most of Karen's allegations of physical abuse. While he admitted some slapping, grabbing, shaking and hair pulling, he argued that Karen was always the aggressor in their fights and that he used physical force only to restrain her.

Leroy filed for divorce alleging irreconcilable differences. In her initial answer, Karen alleged only that Leroy was guilty of mental and physical abuse. Karen later counterclaimed for divorce on the grounds of extreme cruelty, and requested an award of spousal maintenance.

Following a trial, the magistrate judge (the trial court) found: (1) Karen was a victim of spousal abuse; (2) Leroy intentionally inflicted physical and emotional harm on Karen; and (3) Karen suffered from post traumatic stress syndrome as a result of Leroy's abuse. Based upon these findings, the trial court concluded that the psychological effect of Leroy's abuse constituted "grievous mental harm" within the meaning of I.C. § 32–605. The trial court granted Karen a divorce on the grounds of extreme cruelty. In addition, the trial court found that because of her present emotional condition, Karen was unable to support herself through employment. Pursuant to I.C. § 32–705, the trial court awarded Karen spousal maintenance of $1,000 per month until the sale of the community home and $1,700 per month after the sale for a period of "at least 5 years."

The trial court divided the community assets approximately equally between Karen and Leroy, awarding Karen: (1) $328.47 per month from Leroy's military pension, (2) a house in Spokane with $41,389 equity, (3) personal property consisting primarily of furniture and automobiles valued at $21,172, and (4) approximately $42,000 cash to be paid upon the sale of the community home near Sandpoint. The trial court also awarded Karen attorney fees pursuant to I.C. § 32–704(2).

Leroy remained in the community home until it was sold. The trial court: (1) ordered Leroy to make mortgage payments of more than $1,200 each month on the home until the sale; (2) ordered that upon the sale of the home, the debts were to be paid from the proceeds, and Leroy was to receive the balance of approximately $62,000; and (3) awarded Leroy personal property valued at $21,167.

Leroy appealed the trial court's decision to the district judge, and Karen cross-appealed. The district judge affirmed the trial court on all issues except the allocation of the proceeds from a $60,000 community loan. The district judge remanded the case to the trial court for resolution of this issue.

Leroy appealed to this Court.

## II.

### THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE FINDINGS THAT WERE THE BASIS FOR THE DECISION TO AWARD SPOUSAL MAINTENANCE AND FOR THE DECISION CONCERNING THE DURATION OF THE AWARD. THE TRIAL COURT DID NOT MAKE A SPECIFIC FINDING OF $1,700 PER MONTH OF NEED, AND THERE IS NOT SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT AN IMPLICIT FINDING OF THIS AMOUNT.

Leroy asserts five reasons why the trial court abused its discretion in awarding spousal maintenance: (1) Karen received a substantial amount of the community property; (2) Karen was also at fault; (3) the record does not support that Karen will not be able to support herself for at least five years; (4) the record does not show that Karen will require $1,700 per month; and (5) the trial court should not have considered Leroy's overtime wages. In reviewing the trial court's findings we must determine whether they are supported by substantial and competent evidence. We conclude that there is substantial and competent evidence to support the findings of the trial court, except an implicit finding that Karen needs $1,700 per month in spousal maintenance.

I.C. § 32–705, as amended effective on July 1, 1990, provides:

> 32–705. **Maintenance.**—1. Where a divorce is decreed, the court may grant a maintenance order if it finds that the spouse seeking maintenance:
>
> (a) Lacks sufficient property to provide for his or her reasonable needs; and
>
> (b) Is unable to support himself or herself through employment.

2. The maintenance order shall be in such amounts and for such periods of time that the court deems just, after considering all relevant factors which may include:

(a) The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;

(b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;

(c) The duration of the marriage;

(d) The age and the physical and emotional condition of the spouse seeking maintenance;

(e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;

(f) The tax consequences to each spouse;

(g) The fault of either party.

## A. SUBSTANTIAL AND COMPETENT EVIDENCE IS THE STANDARD OF REVIEW FOR FINDINGS THAT ARE THE BASIS FOR A DECISION TO AWARD SPOUSAL MAINTENANCE, FOR A DECISION CONCERNING THE AMOUNT OF THE AWARD, AND FOR A DECISION CONCERNING THE DURATION OF THE AWARD.

■ There is a lack of clarity in some of the Court's opinions concerning the standard of review the Court employs in reviewing a trial court's award of spousal maintenance pursuant to I.C. § 32–705. For instance, in *Le Vine v. Spickelmier,* 109 Idaho 341, 707 P.2d 452 (1985), the Court said:

The husband next urges that the trial court did not properly consider the factors stated by I.C. § 32–705 with regard to awarding of spousal maintenance. We find his contention to be without merit. The district court found the magistrate had carefully considered the factors provided in I.C. § 32–705. It concluded there was no abuse of the trial court's discretion in awarding maintenance as it did. We affirm.

*Id.* at 345, 707 P.2d at 456 (footnote omitted).

While this makes it appear that the standard of review is whether the trial court abused its discretion in making an award pursuant to I.C. § 32–705, later opinions refine the standard. In *Theiss v. Theiss,* 112 Idaho 681, 735 P.2d 992 (1987), the Court said:

Our standard of review in divorce cases is well settled. A spousal support order is a matter committed to the sound discretion of the trial court and will not be disturbed unless that discretion has been abused. The district court, when sitting as an appellate court, must review the trial court's (magistrate's) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom, and if correct legal principles have been applied, then the district court's decision affirming a magistrate's judgment will be upheld on further appeal. Conversely, if the magistrate's findings are not supported by the facts, or if incorrect legal principles have been applied, then we are not bound by the district court's decision affirming the magistrate's judgment.

In awarding the maintenance, the magistrate relied on I.C. § 32–705. This statute addresses maintenance awards. . . .

This statute is relatively new. It was enacted in 1980 to cure constitutional defects of the prior alimony statute—I.C. § 32–706. [*See Orr v. Orr,* 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), declaring an Alabama statute very similar to I.C. § 32–706 unconstitutional because the statute only authorized awards of alimony to women.]

. . . .

. . . [T]he trial court in its discretion, may grant maintenance if two conditions are satisfied: (1) the spouse's separate property and community property awarded in the divorce decree must be insufficient to meet his or her reasonable needs; and

(2) the spouse must be unable to support himself or herself through employment.... However, before any determination as to the amount of maintenance can be made, consideration must be given to all relevant factors that in the trial judge's opinion lead to a fair, just and equitable award....

With this backdrop in mind, we must determine whether the magistrate abused his discretion in awarding maintenance.

*Id.* 112 Idaho at 682–83, 735 P.2d at 993–94 (citations omitted) (footnote omitted).

In upholding the trial court's award of spousal maintenance and educational expenses pursuant to I.C. § 32–705, the Court in *Shurtliff v. Shurtliff,* 112 Idaho 1031, 739 P.2d 330 (1987) said:

> The trial court found that Mrs. Shurtliff's personal property and her share of community property were insufficient to meet her needs. Further, the trial court found that "plaintiff was unable to support herself through employment." Therefore, following the guidelines for awarding maintenance outlined in I.C. § 32–705, the trial court granted maintenance and educational expenses equaling $116 per month to Mrs. Shurtliff. Since the trial court supported the award of maintenance with reference to testimony and the record, and since the trial court is afforded a presumption of correctness, this Court does not find error in granting support plus educational expenses to Mrs. Shurtliff.
>
> The suggestion that Mr. Shurtliff will be financially impaired by paying maintenance and educational costs to his wife cannot be supported by the facts on record. [There follows a review of the trial court's findings of fact concerning Mr. Shurtliff's net monthly income and his monthly expenses.]
>
> ....
>
> Mr. Shurtliff argues that it is an abuse of discretion for the trial court to require him to pay the $116.00 per month educational supplement for five years when the status of LPN can be obtained in two years providing Mrs. Shurtliff with some enhanced earning level.
>
> ....

> In the instant case, the amount and duration of educational support awarded does not appear to be an abuse of discretion, the trial court specifically finding that education beyond the LPN level was necessary to the attainment of an adequate income level.

*Id.* at 1034–35, 739 P.2d at 333–34.

In *McNelis v. McNelis,* 119 Idaho 349, 806 P.2d 442 (1991), the Court upheld a magistrate judge's award of permanent spousal maintenance. In doing so, the Court said:

> If substantial and competent evidence supports the magistrate court's findings of fact, we will uphold those findings on appeal. *Shurtliff v. Shurtliff,* 112 Idaho 1031, 739 P.2d 330 (1987).
>
> ....
>
> ... In this case, the magistrate found that Mrs. McNelis was the "innocent spouse;" that she lacked sufficient property to support herself; that she could not obtain employment at the present time because her medical technician skills were outdated; and that it would take approximately two to three years for her to retrain herself. These findings are supported by substantial evidence.
>
> From those findings the magistrate concluded that the maintenance award to Mrs. McNelis should be permanent rather than fixed in duration. The magistrate court's opinion clearly reflects that it was concerned about Mrs. McNelis' medical history, which suggested to him that she probably will never be able to retrain herself because of her bouts with cancer, which have sapped her physical and emotional strength, and the effect they have had on her stamina and ability to complete a retraining course. Viewing the record as a whole, we hold that the magistrate's findings were adequately supported by the record in this case, and thus we affirm the magistrate's award of permanent alimony. *Hentges v. Hentges,* 115 Idaho 192, 195, 765 P.2d 1094, 1097 ([Ct.App.] 1988) ("Where, as here, the reasons clearly appear from the record, a failure to state specific reasons [supporting an unequal

community property distribution] may be disregarded on appeal.").

*Id.* 119 Idaho at 351–52, 806 P.2d at 444–45 (brackets in original).

Despite the reference to an abuse of discretion standard of review in some of these opinions, it is clear that as to findings that are the basis for a decision to award spousal maintenance pursuant to I.C. § 32–705(1), the Court has applied a substantial and competent evidence standard of review. This is consistent with the "clearly erroneous" standard of I.R.C.P. 52(a). In *Barber v. Honorof,* 116 Idaho 767, 770, 780 P.2d 89, 92 (1989), the Court held that a finding of fact is not clearly erroneous if it is supported by substantial and competent evidence.

Whether we should apply the substantial and competent evidence standard in reviewing the amount and the duration of a spousal maintenance award pursuant to I.C. § 32–705(2) is somewhat more complex. The statute itself states: "The maintenance order shall be in such amounts and for such periods of time that the court deems just, after considering all relevant factors which may include: [There follows a list of factors.]." I.C. § 32–705(2). The reference to the trial court's determination of what is "just" might be seen to invest the trial court with discretion as to the amount and the duration of the award without regard to the evidence supporting findings concerning these elements.

We note, however, that *McNelis* dealt with the duration of an award. In *McNelis,* the Court upheld the permanent award of spousal maintenance after reviewing the record to determine if the trial court's findings were supported by substantial and competent evidence. This clearly indicates that as to findings that are the basis for the duration of an award, the Court has applied the substantial and competent evidence standard of review.

In *McNelis,* the Court also disregarded the failure of the trial court to state specific reasons for its decision, where the reasons clearly appeared from the record. In the present case, the trial court implicitly found that Karen needed $1,700 per month in spousal maintenance after the sale of the community home.

I.C. § 32–705(2) does not indicate that the trial court has more discretion to determine the amount of a spousal maintenance award than it does to determine the duration of the award. Therefore, we conclude we must apply the same standard of review to the amount of an award as we do to the duration of an award. Following *McNelis,* we apply the substantial and competent evidence standard in reviewing the findings that are the basis for the amount of a trial court's spousal maintenance award, including those that are implicit in the trial court's award.

B. THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDINGS CONCERNING THE AWARD OF SPOUSAL MAINTENANCE, EXCEPT AS TO AN IMPLICIT FINDING OF $1,700 PER MONTH IN NEED.

Applying the substantial and competent evidence standard of review, we uphold all of the trial court's findings, except the implicit finding that Karen needed $1,700 per month in spousal maintenance.

1. THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT AN AWARD OF SPOUSAL MAINTENANCE, DESPITE THE AWARD OF COMMUNITY PROPERTY TO KAREN.

The trial court divided the tangible personal property so that Karen and Leroy each received property of virtually equal value. The trial court awarded Karen a house in Spokane, where Karen lived, and a portion of the proceeds of the sale of the community home near Sandpoint. The trial court pointed out that it was uncertain when the sale of the Sandpoint home might occur, and that in any event, Karen would need her portion of the proceeds to help with the extensive therapy she needs. The trial court found that even after the division of the community property, Karen lacked liquid assets to support herself. There is substantial and competent evidence to support these findings.

## 2. THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE FINDING THAT KAREN WAS AN "INNOCENT SPOUSE."

We first note that the legislature amended I.C. § 32–705, effective July 1, 1990. 1990 Idaho Sess. Laws, ch. 336, pp. 916–17. *See* I.C. § 67–510. The prior version of the statute permitted an award of spousal maintenance only "for the innocent spouse." The amended version eliminates this requirement and makes "fault of either party" only one of the relevant factors the trial court may consider. Because the trial court found that Karen was entitled to spousal maintenance under either version of the statute, it is unnecessary for us to decide which version of the statute applies here.

If the amended version of the statute applied, we would uphold the trial court, because in deciding whether to make an award, it considered the fault of either party. If the requirement that Karen be an innocent spouse applied, we would also uphold the trial court. The trial court found: (1) Leroy abused Karen; (2) Karen suffers from post traumatic distress disorder because of Leroy's abuse; and (3) Karen's behavior that might have provoked Leroy was part of the spousal abuse cycle generated by Leroy. There is substantial and competent evidence to support these findings which are the basis for the trial court's conclusion that Karen is entitled to spousal maintenance under either version of I.C. § 32–705.

## 3. THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE AWARD OF SPOUSAL MAINTENANCE FOR AT LEAST FIVE YEARS.

The trial court found that at the time of the trial court's decision to award spousal maintenance, Karen was unemployable due to her alcoholism and mental and physical condition. There is substantial and competent evidence to support these findings.

The trial court found that Karen would not be able to work full time for at least five years and that Karen's rehabilitative therapy would require at least five years. Karen's psychologist testified:

a. treating Karen would require dealing with Karen's alcoholism and then beginning therapy concerning the spousal abuse by Leroy;

b. within a year Karen probably could be performing clerical duties for pay of between four and six dollars an hour;

c. Karen could not begin this employment immediately because of the need to train in work habits such as consistency and being on time;

d. Karen might never be able to return to employment as a teacher, but, if she were, it would take at least two or three years;

e. for Karen to be employed successfully, the working environment would have to be very supportive, especially being lenient toward her attendance; and

f. with "all the positives happening," within five years Karen probably would be earning an entry level salary for a teacher, although she would likely be part time.

This testimony is substantial and competent evidence to support the trial court's findings that Karen would not be able to work full time for at least five years and that Karen's rehabilitative therapy would require at least that long. These findings are sufficient to support the trial court's award of spousal maintenance for at least five years.

## 4. THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE TRIAL COURT'S CONSIDERATION OF LEROY'S OVERTIME WAGES.

its decision dated March 1, 1991, the trial court found that Leroy's gross earnings of $30,562.43 for 1988 and $34,225.99 for 1989, apparently included overtime wages. The trial court calculated that Leroy's annual wages as of December 1990, when the trial was completed, were $22,269.52 on the basis of a forty hour week. In awarding spousal maintenance, the trial court concluded that Leroy had earned income of at least $1,855.79 per month, "and more with overtime." The trial court also found that Leroy would receive $2,115.53 per month from his military pension.

Although it is not clear whether the trial court relied on the possibility of Leroy earning wages for overtime, if the trial court did so, there is substantial and competent evidence to support a finding that Leroy could earn additional wages from overtime work.

5. THERE IS NOT SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE TRIAL COURT'S IMPLICIT FINDING OF KAREN'S NEEDS OF $1,700 PER MONTH AFTER THE SALE OF THE COMMUNITY HOME.

■ Before a trial court may award spousal maintenance pursuant to I.C. § 32–705, there must be a finding of the reasonable needs of the spouse seeking maintenance and that the spouse seeking maintenance lacks sufficient property to provide for these needs. I.C. § 32–705(1)(a). In setting the amount of spousal maintenance, the trial court may consider the ability of the spouse seeking maintenance to meet these needs independently. I.C. § 32–705(2)(a).

The trial court awarded Karen $328.47 per month of Leroy's military pension. Karen testified that she needed at least another $700 on which to live besides this portion of Leroy's pension. This supports an implicit finding by the trial court as the basis for its initial award of $1,000 per month until the sale of the community residence. The fact that Leroy might be capable of paying $700 per month more after the sale does not, however, provide substantial and competent evidence of the amount of Karen's needs at that time.

The trial court found that Karen's monthly expenses were set forth in a handwritten exhibit admitted at trial. The trial court noted that the expenses were difficult to discern from this exhibit, but that some of them were clear. Our reading of the exhibit in conjunction with the foundation for its admission at trial indicates that the exhibit is evidence of $1,641.03 in expenses per month.

The trial court noted that the exhibit did not include any expenses incurred by Karen for substance abuse counseling and therapy for her stress disorder, which the trial court found Karen needed. We have been unable, however, to locate any evidence in the record indicating the amount of these expenses. The expenses for this counseling and therapy are subjects for proof. In the absence of substantial and competent evidence of the amount of these expenses, we cannot determine what they might be.

In making the award of spousal maintenance, the trial court stated:

Pursuant to Idaho Code 32–705, this Court considers heavily [Karen's] inability to support herself, her lack of liquid assets, the duration of the marriage, her need for therapy, her age, and her emotional condition in awarding [Karen] spousal maintenance.

This statement indicates that the trial court had in mind what it considered Karen's reasonable needs to be. Otherwise, the trial court would not have been able to consider Karen's inability to support herself. The trial court implicitly found that Karen needed $1,700 per month in spousal maintenance after the sale of the community home. The trial court had awarded Karen $328.47 per month from Leroy's military pension. Subtracting Karen's share of the military pension from the $1,641.03 itemized in the exhibit admitted at trial, leaves a demonstrated need of $1,312.56 per month.

Considering all of the evidence bearing on the $1,700 per month award, we conclude that there is not substantial and competent evidence to support the implicit finding of Karen's need.

### III.

### THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDINGS CONCERNING THE AWARD OF ATTORNEY FEES TO KAREN.

■ Leroy asserts that the trial court should not have awarded attorney fees to Karen. We conclude that there is substantial and competent evidence to support the trial court's findings concerning Karen's need for the award of attorney fees.

The Court has recently stated that the award of attorney fees in a divorce action is

left to the discretion of the trial court. *Ireland v. Ireland,* 123 Idaho 955, 960, 855 P.2d 40, 45 (1993). The application of this standard, however, again brings us to a substantial and competent evidence standard of review.

■ Under I.C. § 32–704, the trial court may, after considering the financial resources of both parties and the factors in I.C. § 32–705, determine whether a party is entitled to attorney fees. The trial judge must state the factors that were weighed in arriving at a decision to award attorney fees. *Smith v. Smith,* 124 Idaho 431, 860 P.2d 634 (1993). In *Ireland,* the Court ruled that before awarding attorney fees, the trial court must make specific findings on the factors listed in I.C. § 32–705. 123 Idaho at 960, 855 P.2d at 45. This Court will uphold the findings if there is substantial and competent evidence to support them. *See id.*

In this case, after considering the financial resources of Karen and Leroy and the factors in I.C. § 32–705, the trial court found: (1) Karen was unable to support herself; and (2) Leroy was financially able to pay the attorney fees. There is substantial and competent evidence to support these findings.

### IV.

### CONCLUSION.

We affirm the trial court's judgment, except the award of $1,700 per month spousal maintenance, which we vacate. We remand the case to the magistrate judge for consideration of the amount of spousal maintenance to award based on need supported by the existing record.

Because of the mixed result, we do not award costs or attorney fees on appeal to either party.

McDEVITT, C.J., and BISTLINE, TROUT and SILAK, JJ., concur.