*900 P.2d 807*

**Alan E. TISDALE, Plaintiff–Appellant,**

v.

**Mary Margaret TISDALE, Defendant–Respondent.**

No. 21494.

Court of Appeals of Idaho.

Aug. 18, 1995.

Lynn, Scott, Hackney & Jackson, Boise, for appellant. John L. Sullivan argued.

Cosho, Humphrey, Greener & Welsh, Boise, for respondent. Stanley W. Welsh argued.

PERRY, Judge

In this case we are asked to review a magistrate's decision regarding the division of community property in a divorce action and an order requiring the payment of spousal maintenance. After a review of the record below, we uphold the property division, but we remand for entry of an order modifying the period of time during which spousal maintenance must be paid.

## I.

### FACTS AND PROCEDURE

Alan and Mary Tisdale were married in 1963. During the marriage, Alan and Mary each earned college degrees. Near the time of divorce, Alan was employed as an engineer with Hewlett–Packard, earning slightly over $60,000 annually. Mary received her degree in elementary education and was certified to teach kindergarten through eighth grade. At the time of the divorce, she was employed part-time as a library aide, earning approxi- mately $10,000 annually. She had applied for a permanent teaching position with the Boise and Meridian school districts, but had not been offered employment.

In 1993, Alan filed for divorce citing irrec- oncilable differences, and Mary counter- claimed. It is undisputed that one of the factors contributing to the divorce was an affair that Alan had during the latter years of the marriage. It is also undisputed that after the parties separated, Mary's mother died and left her a sizable inheritance which would amount to a single, after-tax payment of approximately $87,000 and monthly pay- ments of $300 from a promissory note.

The magistrate entered a decree of divorce which divided the community property and ordered an award of spousal support to be paid to Mary. Because the magistrate deter- mined that Alan was better able to pay debts, Alan was apportioned a greater share of the community debt, resulting in a differ- ential in the division of the community prop- erty of approximately $17,000. The magis- trate also found that Mary was unable to fulfill her own financial needs with her cur- rent employment and ordered that Alan pay her $825 per month as spousal support until Mary remarried, obtained full-time employ- ment of at least $18,000 per year or Alan reached age sixty-five.

Alan appealed to the district court, claim- ing the property division and spousal support award were improper. The district court affirmed the magistrate's property division but determined that the support award should be limited to a period of three years. The district court found that because Mary was awarded $140,000 in community proper- ty and was to receive $87,000 from her inher- itance, an award of what amounted to perma- nent maintenance was inappropriate. The district court reasoned that a spousal support payment for three years would be a sufficient rehabilitation period to allow Mary to become financially secure. The district court also ruled that at the end of the three years, Mary could petition for an extension, but that this extension was not to exceed two addi- tional years.

Alan now appeals from the decision of the district court, claiming that the property division was inequitable and that Mary should not be entitled to any spousal support award. In addition to the issues raised by Alan, Mary seeks an award of attorney fees on appeal based on I.C. § 12–121 and § 32–704.

## II.

### ANALYSIS

We first note that upon review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Phipps v. Phipps,* 124 Idaho 775, 777, 864 P.2d 613, 615 (1993); *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). In our review, the factual findings upon which the magistrate bases its decision regarding awards of community property and spousal support must be upheld on appeal if there is substantial and competent evidence to support them. *Mulch v. Mulch,* 125 Idaho 93, 96, 867 P.2d 967, 970 (1994). Application of law to the facts, however, is subject to free review. *Clark v. Clark,* 125 Idaho 173, 174, 868 P.2d 501, 502 (Ct.App.1994).

### A. PROPERTY DIVISION

Alan asserts on appeal that the magistrate erred in awarding an unequal distribution of the community debt. This claim is largely based on the fact that the magistrate assigned to Alan all tax liability for 1993, including the capital gains taxes on the sale proceeds from real property the couple sold as part of the divorce. The magistrate determined that, following the marriage, Alan would be able to maintain a positive cash flow while Mary's expenses would exceed her monthly income. Based on this determination, the magistrate assigned a greater share of the community debt to Alan. This division of debt resulted in a differential in the respective awards of community property of approximately $17,000.

Idaho Code § 32–712 specifically addresses how community property is to be divided. This section calls for an equal divi-

sion of community property unless there are "compelling reasons" to do otherwise. The section lists a number of factors that the court may consider in determining the property division:

(1) Duration of the marriage;

(2) Any antenuptial agreement of the parties; provided, however, that the court shall have no authority to amend or rescind any such agreement;

(3) The age, health, occupation, amount and source of income, vocational skills, employability, and liabilities of each spouse;

(4) The needs of each spouse;

(5) Whether the apportionment is in lieu of or in addition to maintenance;

(6) The present and potential earning capability of each party; and

(7) Retirement benefits, including, but not limited to, social security, civil service, military and railroad retirement benefits.

Under this statute, the trial court has the discretion to fashion a just division of the community property. *Ross v. Ross,* 117 Idaho 548, 554, 789 P.2d 1139, 1145 (1990); *Shurtliff v. Shurtliff,* 112 Idaho 1031, 1034, 739 P.2d 330, 333 (1987).

After review of the magistrate's decision and the record below, we conclude that the magistrate did not abuse its discretion in reaching an unequal division of the community property. The record contains evidence of Alan's employment and earnings as well as those of Mary. The magistrate set forth its reasoning for the unequal distribution and determined that Alan was in a better position to pay the debts than Mary. The factual determination that Alan was in a better position to shoulder the community debt was adequately supported by substantial and competent evidence. The magistrate's unequal division of the community property was not an abuse of discretion and therefore is affirmed.

### B. MAINTENANCE AWARD

Citing the disparity of the parties' income and Mary's limited employment possibilities, the magistrate also ordered a monthly spous-

al maintenance payment of $825.[1] This payment was to continue until Mary remarried, obtained full-time employment with a minimum salary of $18,000 per year or Alan reached the age of sixty-five, whichever occurred first.

The district court vacated in part the award of maintenance made by the magistrate. Reasoning that the award amounted to "permanent maintenance," the district court found no substantial and competent evidence to justify the duration of the award ordered by the magistrate. The district court did find, however, that a maintenance award of a shorter period could be justified as rehabilitative. Therefore, the district court ordered that the $825 monthly payment would continue, but limited it to a period of three years. The district court further ordered that although Mary could petition for an extension of the award, in no event was the award to extend past a total of five years.

As we have stated above, on review of a decision of the district court, rendered in its appellate capacity, we examine the record of the magistrate independently of, but with due regard for, the district court's intermediate appellate decision. Thus, in this case we must determine the appropriateness of the magistrate's order requiring spousal maintenance payments until Mary remarried, gained full-time employment or Alan reached age sixty-five.

Idaho Code § 32–705 deals specifically with the issue of maintenance payments in divorce cases and provides:

32–705. Maintenance.—1. Where a divorce is decreed, the court may grant a maintenance order if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property to provide for his or her reasonable needs; and

(b) Is unable to support himself or herself through employment.

2. The maintenance order shall be in such amounts and for such periods of time that the court deems just, after considering all relevant factors which may include:

(a) The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;

(b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;

(c) The duration of the marriage;

(d) The age and the physical and emotional condition of the spouse seeking maintenance;

(e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;

(f) The tax consequences to each spouse;

(g) The fault of either party.

■ Prior to the amendment of this statute in 1990, the fault of the other party was a prerequisite to an award of maintenance. *See, e.g., Marmon v. Marmon,* 121 Idaho 480, 482, 825 P.2d 1136, 1138 (Ct.App.1992) (deciding that fault was a prerequisite and that 1990 amendments to statute were not to be applied retroactively). The 1990 amendments to the statute, however, were meant to eliminate fault as a prerequisite, relegating it to one of many factors to be considered. The Statement of Purpose issued by the legislature with the amendment states:

The purpose of this legislation is to remove fault as a requirement for the award of alimony.

The need of one spouse and the ability of the other spouse to pay would become the primary basis for alimony awards.

STATEMENT OF PURPOSE, 1990 S. 1449. The primary consideration, in deciding the appropriateness of an award of maintenance, is the financial condition of the parties.

■ After the trial, the magistrate entered written findings of fact and conclusions of law. The magistrate found that Mary's gross monthly salary was $838.39 and her monthly expenses were $2,377. The magis-

---

1. At the time of the judgment, this amount was reduced by $108 per month as a result of Mary's child support obligation to Alan, who was award-ed primary custody of the couple's only remaining minor child.

trate noted that Mary had received her bachelor's degree and teaching certificate and, though only working part-time at the time of the divorce decree, was capable of obtaining full-time employment. However, the magistrate also found that there were no permanent employment prospects in the near future. There was no evidence presented of physical or mental abuse and neither party suffered from medical problems or disabilities that would interfere with their ability to work or support themselves. Although Mary was healthy, the magistrate noted that she was fifty-one years of age, had spent twenty-eight of her thirty-one years of marriage as a homemaker and was just now attempting to reenter the job market. The magistrate found that Mary had met the burden under I.C. § 32–705(1)(a) to first show that she lacked sufficient property to provide for her reasonable needs and was unable to support herself through employment.

While we accept the magistrate's findings set forth above as they are supported by substantial and competent evidence, we do not agree with the magistrate's conclusion regarding the duration of the maintenance award. The magistrate's reasoning focused on Mary's need to reenter the work force and begin supporting herself. Unfortunately, the permanent nature of the award provided no incentive for Mary to obtain full-time employment. Reviewing all of the factors set forth in I.C. § 32–705(2), we conclude that the permanent nature of the award in this case goes beyond the rehabilitative purpose of a spousal support award.

Although we are not bound by the decision of the district court, we find its reasoning persuasive and its conclusion appropriate for this case. The magistrate did not abuse its discretion in determining that a maintenance award was necessary to allow time for Mary to obtain full-time employment and to establish herself financially. However, we agree with the district court that the evidence presented only supports an award of maintenance initially for a period of three years. Thus, we vacate the award of maintenance and remand for entry of judgment granting an award, in the same amount, for a period of three years.

■ Finally, we note that under I.C. § 32–709, Mary may seek an extension of the maintenance award following the three-year period, but will be required to show a "substantial and material change in circumstances" in order to justify such a continuance. We do not agree, therefore, with the rationale utilized by the district court, that in no event was the award to extend beyond five years. It was improper for the district court, sitting in its appellate capacity, to impose such a limitation on the magistrate's independent proceeding three years hence. Any extension must be determined by the magistrate following a hearing pursuant to I.C. § 32–709.

## C. ATTORNEY FEES

■ Finally, Mary seeks attorney fees on this appeal under both I.C. § 12–121 and § 32–704. Under I.C. § 12–121 and I.R.C.P. 54(e)(1), a court may award attorney fees to the prevailing party where it finds that "the case was brought, pursued or defended frivolously, unreasonably or without foundation." Our review of the record and arguments on appeal leads us to conclude that such an award is not appropriate in this case.

Idaho Code § 32–704 allows for fees in divorce actions based on the factors set forth in § 32–705(2). Again, after review of the record and the evidence of the parties' respective financial conditions, we conclude that such an award is inappropriate.

## III.

## CONCLUSION

The magistrate's unequal division of the community property was supported by substantial and competent evidence. The duration of the award of spousal maintenance, however, was not. The evidence presented below only supported an award of maintenance for a period of three years. Therefore, the judgment of the magistrate awarding $825 per month until Mary remarries, obtains full-time employment earning at least $18,000 per year or Alan reaches age sixty-

five is vacated. We remand for the entry of an order requiring the $825 per month for a period of three years from entry of the divorce decree. Mary may seek an extension of the payments pursuant to I.C. § 32–709 by requesting a hearing. The granting of an extension shall be a decision for the magistrate applying the appropriate factors to the circumstances of the parties at that time.

Costs, but not attorney fees, are awarded on appeal to respondent Mary Tisdale.

WALTERS, C.J. and LANSING, J., concur.