960 P.2d 1262

**William P.D. WILSON, III, Plaintiff–Appellant,**

v.

**Frosty Lou WILSON, Defendant–Respondent.**

No. 24150.

Supreme Court of Idaho, Boise, March 1998 Term.

June 30, 1998.

Hopkins Roden Crockett Hansen & Hoopes, PLLC, Idaho Falls, for appellant. Gregory L. Crockett argued.

Swafford Law Office, Chtd., Idaho Falls, for respondent. Ronald L. Swafford argued.

TROUT, Chief Justice.

This is an appeal from a magistrate judge's order requiring appellant, William Wilson (William), to pay spousal maintenance to respondent, Frosty Wilson (Frosty), in the sum of $7,500 per month for six years, and thereafter, $6,500 per month for five years.

## I. BACKGROUND

Frosty and William Wilson were married in 1974. During the first fourteen years of the marriage, William attended medical school and received the training necessary to become a plastic surgeon. In 1989, after William completed his medical training, William and Frosty moved to Idaho Falls where William established a medical practice. Although Frosty occasionally worked outside the home while William was in school,

throughout most of their marriage, she stayed home and raised their two children. William filed for a divorce in 1995 on the grounds of irreconcilable differences. Frosty filed a counterclaim, seeking a divorce on the grounds of adultery and extreme cruelty. In addition, Frosty sought spousal maintenance for a period of not less than twenty-two years.

After a trial, the magistrate judge granted the Wilsons' divorce on the grounds of adultery and extreme cruelty. The magistrate judge awarded custody of the Wilsons' two minor children to Frosty, and ordered William to pay child support in the sum of $2,500 per month. The magistrate judge divided the community property and debts equally between Frosty and William. In addition, the magistrate judge awarded spousal maintenance to Frosty in the sum of $7,500 per month for a period of six years, and thereafter, $6,500 per month for a period of five years.

William filed a motion for reconsideration, asserting among other things, that the amount and the duration of the spousal maintenance award were excessive. The magistrate judge amended certain aspects of the judgment; however, the magistrate judge held the amount and the duration of the award were not excessive. William appealed the magistrate judge's decision to the district judge, who affirmed the magistrate judge's award of spousal maintenance.

## II. STANDARD OF REVIEW

 In reviewing a decision of the district judge rendered in his appellate capacity, we review the record of the trial court independently of, but with due regard for, the district judge's decision. *Ervin Constr. Co. v. Van Orden,* 125 Idaho 695, 698–99, 874 P.2d 506, 509–10 (1993) (quoting *Sato v. Schossberger,* 117 Idaho 771, 774–75, 792 P.2d 336, 339–40 (1990)); *Tisdale v. Tisdale,* 127 Idaho 331, 333, 900 P.2d 807, 809 (Ct. App.1995) (citations omitted). When the trial court sat without a jury, we liberally construe the trial court's findings of fact in favor of the judgment entered. *Ervin Constr. Co.,* 125 Idaho at 699, 874 P.2d at 510 (quoting *Sun Valley Shamrock Resources, Inc. v.*

*Travelers Leasing Corp.,* 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990) (citations omitted)). Even if there exists conflicting evidence, we will not disturb the trial court's findings and conclusions on appeal if they are based on substantial evidence. *Id.*

 On appeal from a trial court's award of spousal maintenance, we review the trial court's findings that are the basis for the court's decision as to the duration and the amount of spousal maintenance to determine whether there exists substantial and competent evidence in support of these findings. *Mulch v. Mulch,* 125 Idaho 93, 98, 867 P.2d 967, 972 (1994); *Tisdale,* 127 Idaho at 333, 900 P.2d at 809. We may disregard the trial court's failure to state specific reasons in support of its decision as to the amount and the duration of a spousal maintenance award if "the reasons clearly appear from the record." *See generally Mulch,* 125 Idaho at 96–98, 867 P.2d at 970–72; *McNelis v. McNelis,* 119 Idaho 349, 351–52, 806 P.2d 442, 444–45 (1991) (citing *Hentges v. Hentges,* 115 Idaho 192, 195, 765 P.2d 1094, 1097 (1988)). We exercise free review over the trial court's application of the law to the facts. *Tisdale,* 127 Idaho at 333, 900 P.2d at 809 (citation omitted).

## III. SPOUSAL MAINTENANCE AWARD

The magistrate judge awarded Frosty spousal maintenance for a total period of eleven years. Pursuant to the award, William is to pay Frosty maintenance in the amount of $7,500 per month for six years, and thereafter, $6,500 per month for five years. William does not contest that Frosty is entitled to an award of spousal maintenance. Rather, William argues that there is not substantial and competent evidence in the record to support the magistrate judge's findings as to the duration and the amount of the spousal maintenance award.

 After a divorce is decreed, a court may grant a spouse an award of maintenance if the spouse: (1) lacks sufficient property to provide for his or her reasonable needs, and (2) is unable to support himself or herself through employment. I.C. § 32–705(1). The

court's award of maintenance should be in an amount and for a duration that the court deems just after considering all relevant factors, which may include:

(a) The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;

(b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;

(c) The duration of the marriage;

(d) The age and the physical and emotional condition of the spouse seeking maintenance;

(e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;

(f) The tax consequences to each spouse;

(g) The fault of either party.

I.C. § 32–705(2). When determining a spouse's "reasonable needs," the court is to take into account the standard of living established during the marriage. *Campbell v. Campbell*, 120 Idaho 394, 404, 816 P.2d 350, 360 (Ct.App.1991) (citations omitted).

In calculating Frosty's spousal maintenance award, the magistrate judge made reference to I.C. § 32–705, and discussed in detail the factors he considered in determining the duration and the amount of the award. Although the magistrate judge did not explain how he reached the specific figures for the amount and the duration of the award, the judge did provide sufficient findings to indicate a basis for those decisions. Further, the cases in Idaho indicate that we may disregard the trial court's failure to state specific reasons in support of its decision as to the amount and the duration of a spousal maintenance award, if the reasons are clear from a reading of the record.

■ With respect to the duration of the spousal maintenance award, the record reveals that Frosty's education and skills are minimal, and she would like to obtain an architectural degree. The record also contains evidence that Frosty is not in a position emotionally to begin work or school immediately. Although the record does not contain specific evidence as to how long it will take Frosty to obtain her degree, there is evidence that even once Frosty begins her education, she will not be able to attend school full-time for several years because she needs to care for the two children. We find that the record contains substantial and competent evidence to support the magistrate judge's finding that William should pay Frosty spousal maintenance for a period of eleven years.

■ With respect to the amount of the spousal maintenance award, the record contains only a summary from Frosty of her reasonable and necessary monthly expenses, along with her testimony explaining it. It is largely uncontroverted that Frosty's monthly expenses total over $9,000 per month. William argues on appeal that there is no basis for some of the expenses, that they are exaggerated and that they are already paid by the child support payments he is making. Despite William's disagreement with Frosty's expenses, there is nevertheless, substantial and competent evidence to support those expenses, and that she is unable to pay those expenses without substantial assistance from William. William also argues that expenses for tithing and savings should not be included. The magistrate judge specifically said he was not including those items in determining the proper amount of maintenance. We do not expect mathematical precision in calculating to the dollar how much maintenance is required, nor must the record support a specific amount. There must simply be substantial and competent evidence which provides a basis for the amount awarded. We find the record supports the award in this case in the amounts of $7,500 and $6,500.

In conclusion, even though the magistrate judge did not specify how he calculated the duration and the amount of Frosty's spousal maintenance award, we affirm the magistrate judge's decision because the record contains substantial and competent evidence to support the magistrate judge's findings as to the duration and the amount of the award.

 

## IV. ATTORNEY'S FEES

Frosty contends that she is entitled to an award of attorney's fees on appeal under I.C. § 32–704 and I.C. § 12–121. Pursuant to I.C. § 32–704, the district court has original jurisdiction in determining whether to require one spouse, during the pendency of an appeal from a judgment in a divorce action, to pay to the other spouse such sums as may be necessary for that spouse to prosecute or defend the action. *Losee v. Losee*, 91 Idaho 77, 79, 415 P.2d 720, 722 (1966) (citing *Gapsch v. Gapsch*, 76 Idaho 44, 277 P.2d 278 (1954)). Whether an award should be made, and if so, the amount of the award necessary to pay costs and attorney's fees on appeal, are issues addressed to the sound discretion of the trial court. *Id.* (citations omitted). Although attorney's fees and costs may be allowed on original application in this Court,

> [i]t is the policy of this court to leave to the district court, under authority of section 32–704 I.C., the making and enforcing of all orders necessary to provide the wife with the means of prosecuting or defending on appeal, and temporary alimony, and to exercise its original jurisdiction only upon a showing that such action is necessary to the exercise of its appellate jurisdiction.

*Brashear v. Brashear*, 71 Idaho 158, 165, 228 P.2d 243, 247 (1951). Because Frosty did not seek an order from the district judge requiring William to pay her attorney's fees on appeal, we will not award Frosty attorney's fees if such an award is not necessary to the exercise of our appellate jurisdiction. As Frosty has been able to defend William's appeal thus far, we find that an award of attorney's fees on appeal is not necessary to our exercise of jurisdiction over this case. *See, e.g., Brashear*, 71 Idaho at 165, 228 P.2d at 247–48. Thus, we will not award Frosty attorney's fees on appeal under I.C. § 32–704.

Frosty also asserts that she is entitled to an award of attorney's fees on appeal pursuant to I.C. § 12–121. An award of attorney's fees is proper under I.C. § 12–121 if the Court is left with the "abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably and without foundation." *Balderson v. Balderson*, 127 Idaho 48, 54, 896 P.2d 956, 962, *cert. denied*, 516 U.S. 865, 116 S.Ct. 179, 133 L.Ed.2d 118 (1995) (citing *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979)). Frosty failed to establish, and the record does not indicate, that William brought or pursued this appeal in an unreasonable or frivolous manner. Thus, we will not award Frosty attorney's fees on appeal under I.C. § 12–121.

## V. CONCLUSION

We affirm the magistrate judge's decision as to the amount and the duration of Frosty's spousal maintenance award. We award costs, but not attorney's fees, on appeal to Frosty.

JOHNSON, SILAK, SCHROEDER and WALTERS, JJ., concur.