35 P.3d 268

**Richard J. ROBINSON, Plaintiff–Respondent,**

v.

**Elizabeth M. ROBINSON, Defendant–Appellant.**

No. 26058.

Supreme Court of Idaho, Boise, February 2001 Term.

Oct. 24, 2001.

Cosho, Humphrey, Greener & Welsh, Boise, for appellant. Stanley W. Welsh argued.

Bevis, Cameron & Johnson, Boise, for respondent. Jerry M. Ward argued.

WALTERS, Justice.

This is an appeal from a magistrate judge's order requiring Richard Robinson (Richard),

to pay spousal maintenance to appellant Elizabeth Robinson (Elizabeth), but limiting the award to $1,900 per month for two years, and thereafter, $1,500 per month for one year. We affirm the magistrate's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Richard and Elizabeth Robinson met in Nebraska where Richard was working as a physician in the military and Elizabeth taught high school English. They were married in 1973. After the marriage, Elizabeth resigned her teaching position so the parties could move to Tacoma, Washington where Richard was then stationed. The couple moved several more times, living in Arizona, Tacoma again, and Kentucky, before finally moving to Boise, where they have resided since 1987. During this time Richard worked as a physician both in and out of the military. Although Elizabeth occasionally worked outside the home, throughout most of their marriage she stayed home and raised their three children.

In July of 1996 Richard acknowledged that he had an affair and the parties separated thereafter. Richard filed for divorce on April 29, 1997, on the grounds of irreconcilable differences. Elizabeth filed a counterclaim, seeking a divorce on the grounds of adultery and irreconcilable differences.

After a trial, the magistrate judge granted the Robinsons a divorce. The magistrate awarded custody of the Robinsons' two minor children to Elizabeth and ordered Richard to pay child support in the amount of $1,657 per month. Because the magistrate determined that Richard was better able to pay debts, Richard was apportioned a greater share of the community debt and a correspondingly smaller share of the community estate. In addition, the magistrate judge awarded spousal maintenance to Elizabeth in the sum of $1,900 per month for a period of two years and $1,500 per month for the following year.

Elizabeth appealed the magistrate's decision to the district court, asserting that the magistrate erred by misapplying Idaho's spousal maintenance statute, Idaho Code section 32–705, when determining her award. The district court, however, affirmed the magistrate judge's ruling. Elizabeth appeals the district court's decision.

## ISSUES

Elizabeth raises two issues on appeal. First, she challenges the magistrate's application of I.C. § 32–705 when setting her spousal support award. Second, Elizabeth questions whether the magistrate erred by ordering an automatic reduction of the spousal support award after two years. Both parties request an award of attorney fees on appeal.

## DISCUSSION

### A. Standard of Review

In reviewing a decision of the district court rendered in its appellate capacity, we review the record of the trial court independently of, but with due regard for, the district judge's decision. *See Wilson v. Wilson*, 131 Idaho 533, 535, 960 P.2d 1262, 1264 (1998); *Ervin Constr. Co. v. Van Orden*, 125 Idaho 695, 698–99, 874 P.2d 506, 509–10 (1993) (quoting *Sato v. Schossberger*, 117 Idaho 771, 774–75, 792 P.2d 336, 339–40 (1990)); *Tisdale v. Tisdale*, 127 Idaho 331, 333, 900 P.2d 807, 809 (Ct.App.1995). When the trial court sat without a jury, we liberally construe the trial court's findings of fact in favor of the judgment entered. *See Ervin Constr. Co.*, 125 Idaho at 699, 874 P.2d at 510 (quoting *Sun Valley Shamrock Resources, Inc. v. Travelers Leasing Corp.*, 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990)). Even if there exists conflicting evidence, we will not disturb the trial court's findings and conclusions on appeal if they are based on substantial evidence. *See id.*

On appeal from a trial court's award of spousal maintenance, we review the trial court's findings that are the bases for the court's decision as to the duration and the amount of spousal maintenance to determine whether there exists substantial and competent evidence in support of these findings. *See Wilson*, 131 Idaho at 535, 960 P.2d at 1264; *Mulch v. Mulch*, 125 Idaho 93, 98, 867 P.2d 967, 972 (1994); *Tisdale*, 127 Idaho at 333, 900 P.2d at 809. However, we exercise

free review over the trial court's application of the law to the facts. *Tisdale,* 127 Idaho at 333, 900 P.2d at 809.

### B. Application of the Spousal Maintenance Statute

■ After a divorce is decreed, a court may grant a spouse an award of maintenance if the spouse: (1) lacks sufficient property to provide for his or her reasonable needs, and (2) is unable to support himself or herself through employment. *See* I.C. § 32–705(1). The court's award of maintenance should be in an amount and for a duration that the court deems just after considering all relevant factors, which may include:

(a) The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;

(b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;

(c) The duration of the marriage;

(d) The age and the physical and emotional condition of the spouse seeking maintenance;

(e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;

(f) The tax consequences to each spouse;

(g) The fault of either party.

I.C. § 32–705(2).

In this case, the magistrate judge awarded Elizabeth maintenance pursuant to I.C. § 32–705. The magistrate found that Elizabeth's reasonable needs were approximately $4,000 per month. To achieve this finding, the magistrate made a detailed examination of each of Elizabeth's proposed expenses, expressly rejecting several of the estimated expenses as being unreasonable.[1] The magistrate also found, based on evidence in the record, that Elizabeth was currently capable of earning $7 per hour, or $900 per month. This amount, coupled with a $1,657 per

month child support award, gave her resources of slightly more than $2,500 per month. Maintenance was then awarded in the amount of $1,900 per month for two years, followed by an award of $1,500 per month for the following year.

Elizabeth contends that the magistrate judge erred by misapplying I.C. § 32–705 to the facts. Essentially, Elizabeth challenges the magistrate's statement that the purpose of spousal support award is "rehabilitative in nature" and the magistrate's determination that he was "constrained" to limit the duration of maintenance to three years. Elizabeth argues that the magistrate misread the Court of Appeals' decision in *Tisdale v. Tisdale,* 127 Idaho 331, 900 P.2d 807 (Ct.App. 1995), as holding that a spousal support award must be viewed as rehabilitative in nature and therefore restricts the duration of the maintenance award to three years. We disagree.

Noting the factual similarity between *Tisdale* and the present case, the magistrate specifically remarked that he felt "constrained to view such an award as rehabilitative in nature" and could not "grant an award designed solely to maintain a certain standard of living for as long as possible, but instead must structure the award to temporarily meet her reasonable needs while she attempts to establish herself financially." In determining a time period for Elizabeth to do this, the magistrate concluded that "[i]n view of the rehabilatory purpose of this statute and the limitations on duration imposed by the court in *Tisdale* under similar facts, this court feels constrained to limit the duration of maintenance to three years, especially in the absence of some specific plan of rehabilitation."

The magistrate correctly applied I.C. § 32–705 to the facts of this case. Clearly, the magistrate's three-year award, while identical in length to the award in *Tisdale,* took into account Elizabeth's ability to meet her needs independent of any spousal support, Richard's ability to meet his own needs while also meeting Elizabeth's needs, and the

---

1. For example, Elizabeth had claimed $300 per month, or $3,600 per year, for vacation expenses and $500 per month, or $6000 per year, as a clothing expense.

time necessary for Elizabeth to locate and obtain employment and adapt to changes in her economic status. The record also reflects that the magistrate made an assessment of Elizabeth's physical and mental health, and determined that she was physically and mentally capable of working. Additionally, the magistrate considered the marital property awarded to each spouse, making an unequal distribution of the community assets and liabilities in this case. For example, Elizabeth was awarded approximately $20,000 more of the couple's IRA account and Richard was required to pay the entire amount of their daughter's $75,000 school loans. The magistrate's decision to limit the maintenance award to a three-year period is thus not based solely on factual resemblances to the *Tisdale* case, but is supported by substantial and competent evidence in the record. Accordingly, we hold that the magistrate did not err in applying I.C. § 32–705 to the facts of this case.

■ That being said, we take care to note that we do not view *Tisdale* as mandating a three-year limitation on spousal support awards. We have recently upheld, in another case containing some facts similar to those in the instant case, an eleven-year spousal support award. *See Wilson v. Wilson*, 131 Idaho 533, 960 P.2d 1262 (1998). The district court in *Tisdale*, sitting as an appellate court, overturned the magistrate's decision as to the duration of the maintenance award because the conclusion to award permanent maintenance was inconsistent with the purpose behind the award in that case. The magistrate in *Tisdale* had focused on Mary Tisdale's "need to reenter the work force and begin supporting herself," but then awarded permanent maintenance a situation described by the Court of Appeals as providing "no incentive for Mary to obtain full-time employment." 127 Idaho at 335, 900 P.2d at 811. Thus, the three-year limitation imposed by the district court was upheld on further appeal in that case. However, in *Wilson*, the magistrate judge concluded that an eleven-year period would be appropriate for spousal maintenance under I.C. § 32–705. Our decision upholding that conclusion was entered after the magistrate below had ruled in this case. Clearly, the trial courts in Idaho are not constrained by either *Tisdale* or *Wilson* in determining an appropriate duration for spousal maintenance. A trial court is free to reach a different conclusion about the limitation, if any, that should be imposed for the duration of spousal maintenance, but that limitation must be based upon the facts of the case under consideration.

■ Spousal support awards are not solely rehabilitative in nature. There exist circumstances where a permanent award is warranted. For instance, in *McNelis v. McNelis*, this Court, noting that Mrs. McNelis' medical history suggested that she would never be able to retrain herself because of the physical and emotional effects of several bouts with cancer, upheld a magistrate judge's award of permanent spousal maintenance. 119 Idaho 349, 351, 806 P.2d 442, 444 (1991). The court in *Tisdale* also tacitly recognized the existence of a permanent maintenance award by acknowledging that the three-year limitation was only "appropriate for [that] case." 127 Idaho at 335, 900 P.2d at 811. Noting that there was no evidence that Mary Tisdale suffered from physical or mental abuse, medical problems, or any other disability that would interfere with her ability to support herself, the Court in *Tisdale* found that the evidence supported an initial maintenance award of three years. *See id.* A similar situation exists in this case. As noted above, there is no evidence in the record that Elizabeth suffers from any physical limitation affecting her ability to work, and although she was under medication to deal with depression caused from the divorce, there is, as the magistrate noted, "no credible medical evidence indicating that she is .... unable to work because of her mental state." The purpose of a spousal award and the duration of such an award are matters properly to be decided by the trial court within its discretion.

## C. Automatic Reduction of the Maintenance Award

■ Elizabeth also challenges the magistrate's order automatically reducing her spousal support after two years based upon a predicted increase in her income. In *Brazier*

v. *Brazier*, the Court of Appeals held that judges may prescribe support schedules containing future adjustments in appropriate cases. 111 Idaho 692, 699–700, 726 P.2d 1143, 1150–51 (Ct.App.1986) overruled in part on other grounds by *Swope v. Swope*, 112 Idaho 974, 982, 739 P.2d 273, 281 (1987). Under the *Brazier* standard, if a judge finds that the needs or resources of the spouses are likely to change in the future, there is no logical reason to deprive the judge of authority to prescribe a payment schedule containing future adjustments. *See Brazier*, 111 Idaho at 699, 726 P.2d at 1150; see also *Keller v. Keller*, 130 Idaho 661, 664, 946 P.2d 623, 626 (1997); *Toyama v. Toyama*, 129 Idaho 142, 145, 922 P.2d 1068, 1071 (1996). Because there is substantial and competent evidence in the record to support a finding that Elizabeth's needs and resources were likely to change in the two years preceding the magistrate's mandatory reduction in her maintenance award, we uphold the magistrate's ruling.

Elizabeth argues that the mandatory reduction is unnecessarily speculative. But, as the court in *Brazier* noted, "[s]upport obligations necessarily are determined with an eye to the future." 111 Idaho at 699, 726 P.2d at 1150. The magistrate in this case determined that Elizabeth could likely increase her income within two years of the divorce. The magistrate, as noted above, found that Elizabeth was presently capable of earning $7 per hour, or approximately $900 per month. The magistrate stated, however, that "with effort and persistence, it does appear with her intellect, background and skills, she should be able to locate employment at least at the $10 [per hour] level . . ." within two years of the divorce decree. Therefore, the magistrate reduced Elizabeth's monthly maintenance award from $1,900 per month to $1,500 per month for the third year. These findings are based primarily on a rehabilitation counselor's assessment that Elizabeth was articulate and intelligent, and was, despite her age and lack of recent work experience, "immediately employable" for jobs ranging between $10 and $14 per hour. The magistrate weighed the rehabilitation counselor's opinion with that of another vocational counselor who determined that Elizabeth, because of her age, may be limited to jobs in the $6 to $7 range. Thus, the magistrate's decision reflects the need for a period of transition to adapt to changes in Elizabeth's economic status and to locate and obtain employment in order to progress beyond the minimum wage level of income. Because there is substantial and competent evidence in the record to support a reduction of the maintenance award after two years, we affirm the magistrate's determination.

### D. Attorney Fees

Elizabeth asserts that she should be granted reasonable costs and attorney fees on appeal. Such an award is not appropriate, however, because Elizabeth is not the prevailing party on appeal. Richard also asserts that he should be awarded fees on appeal, but has failed to include any argument to support the claim. Accordingly, we deny his request.

### CONCLUSION

We affirm the magistrate judge's award of maintenance under I.C. § 32–705, as well as the magistrate's decision to reduce the amount of Elizabeth's spousal maintenance award after two years and to terminate the award after three years. Costs, but not attorney fees, are awarded to the Respondent.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, CONCUR.