**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43779**

| | |
|---|---|
| STACY LOUGHMILLER fka GUSTAFSON, | ) 2016 Unpublished Opinion No. 634 |
| | ) |
| | ) Filed: August 5, 2016 |
| Plaintiff-Appellant, | ) |
| | ) Stephen W. Kenyon, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MARK GUSTAFSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Terry R. McDaniel, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming judgment for modification of child support, _affirmed_.

Stacy Loughmiller, Boise, pro se appellant.

Cosho, Humphrey, LLP; Mackenzie E. Whatcott, Boise, for respondent.

_____

MELANSON, Chief Judge

Stacy Loughmiller, fka Gustafson, appeals from the district court's order affirming the magistrate's judgment for modification of child support. For the reasons stated below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Stacy and Mark Gustafson were divorced in 2009. Mark and Stacy had two children and were awarded joint physical and legal custody. The judgment and decree of divorce ordered Mark to pay child support in the amount of $385 per month. Mark also agreed to pay Stacy monthly payments of $2,844 until 2019 as part of the property settlement. Mark also agreed to

1

pay alimony in 2010, 2011, and 2012. The parties agreed that, in 2013, child support would be renegotiated.

The parties were unable to reach an agreement about the amount of child support and Stacy filed a motion to modify the child support. The magistrate held a hearing on Stacy's motion. The parties stipulated that, for purposes of child support calculations at the time of the hearing, Mark's income was $550,000 and Stacy's was $38,000. As a result, Mark was ordered to pay $1,726 per month in child support, 100 percent of health care costs and out-of-pocket health care costs, and 94 percent of extracurricular expenses. Stacy appealed and the district court affirmed the magistrate's order. Stacy again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

Modification of child support is within the sound discretion of the trial court and will not be altered on appeal unless there is a manifest abuse of discretion. *Margairaz v. Siegel*, 137 Idaho 556, 558, 50 P.3d 1051, 1053 (Ct. App. 2002). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

**III.**

**ANALYSIS**

A.     **Exclusion of Evidence**

   1.     **Spreadsheet exhibit**

Stacy alleges the magistrate erred in excluding a bookkeeping spreadsheet of expenses during the marriage.  During the pretrial conference, the magistrate indicated it was interested in seeing evidence regarding the standard of living enjoyed by the children during the marriage.  As a result, Stacy obtained electronic bank and credit card records containing the parties' expenses incurred during the marriage.  From the records, Stacy created a spreadsheet by creating categories of expenses and designating which expenses fell into each category.  Two days before trial on the motion to modify child support, Stacy provided the spreadsheet to Mark.  Stacy did not provide any of the underlying records from which the spreadsheet was created.  At trial, Mark objected to the admission of Stacy's spreadsheet as an exhibit because it had not been timely disclosed.  The magistrate sustained Mark's objection and excluded the exhibit pursuant to Idaho Rule of Evidence 1006.

Idaho Rule of Evidence 1006 provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation.  The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place.  The court may order that they be produced in court.

Preliminary questions concerning the admissibility of evidence are determined by the trial court.  I.R.E. 104(a); *Carnell v. Barker Mgmt., Inc.*, 137 Idaho 322, 327, 48 P.3d 651, 656 (2002).  The trial court's factual findings regarding the foundation necessary for evidence to be admitted will be sustained if they are based upon substantial although conflicting evidence.  *Bahnmiller v. Bahnmiller*, 145 Idaho 517, 521, 181 P.3d 443, 447 (2008).  Moreover, a key issue to determining whether proffered evidence constitutes a summary within I.R.E. 1006 is whether such a printout is prepared in anticipation of litigation.  *City of Idaho Falls v. Beco Const. Co.*, 123 Idaho 516, 523, 850 P.2d 165, 172 (1993).  As part of the rule, the underlying documents upon which the summary relies must be shown to have been admissible.  *Van Brunt v. Stoddard*, 136 Idaho 681, 686, 39 P.3d 621, 626 (2001).  In order for a summary to be admissible, the party

offering the summary must fulfill the procedural requirement of making the source documents reasonably available to the opposing party. *City of Idaho Falls*, 123 Idaho at 524, 850 P.2d at 173.

There is no question Stacy prepared the spreadsheet in anticipation of litigation. The spreadsheet was prepared after the discussion at the pretrial conference regarding information about expenses during the parties' marriage. Stacy further admitted it was prepared approximately sixteen days before trial and was provided to Mark two days before trial. Thus, the admission of the exhibit was governed by I.R.E. 1006.

Because Stacy was offering the summary, it was her obligation to provide the source documents from which the summary was made and to do so in a reasonable time and manner. The remaining question here is whether Stacy fulfilled the procedural requirement of I.R.E. 1006 by making the source documents reasonably available to Mark. Stacy prepared the spreadsheet sixteen days prior to the hearing and provided the summary to Mark two days prior to the hearing. However, Stacy did not provide the source documents from which the summary was made. The magistrate held that the spreadsheet was not admissible into evidence because the original documents used to create the summary were not provided to Mark. The magistrate did not err in holding that Stacy did not fulfill the procedural requirement of making the source documents reasonably available to Mark.

In addition to providing the source documents to the opposing party, I.R.E. 1006 provides that a court may order that source documents from which a summary is compiled be produced in court. Despite having notice based upon I.R.E. 1006, Stacy did not have copies of the source documents at the hearing and failed to produce them when asked by the magistrate. Stacy admitted she was unable to produce the documents and suggested the magistrate continue the trial to allow her to retrieve the originals from her house and make them available to the magistrate and Mark. The magistrate denied Stacy's motion to continue, holding that, even if she was allowed to retrieve the documents and provide them to Mark and the magistrate, the spreadsheet would be inadmissible because producing the source documents at the time of the hearing would not satisfy the "reasonable time and place" requirement of I.R.E. 1006. We agree. The source documents at issue here were dozens of monthly bank and credit card electronically stored statements documenting all expenditures by Mark and Stacy for several years of their

marriage. Producing the documents at the time of the hearing would not have allowed Mark to review the documents to verify the accuracy of the summary Stacy sought to have admitted into evidence. Accordingly, the magistrate did not err in excluding the spreadsheet.

Stacy argues the records were available long before trial because they were disclosed in discovery; thus, Mark had access to the underlying records from which the spreadsheet was constructed. Although the records may have been available, Mark had no way of knowing a summary would be offered, the contents of the summary, or the documents from which the summary was created until the spreadsheet was disclosed. Regardless of whether the underlying records were provided in discovery, Stacy was required to provide the specific records that formed the basis of the summary and disclose both the summary and the underlying records in a reasonable time frame, which she failed to do.

Stacy further argues there were no originals to provide Mark because all the information she used was downloaded from electronic bank records rather than manually imported from paper statements. For purposes of I.R.E. 1006, the form of the source documents--whether electronic or printed--is irrelevant. Stacy was required to provide the underlying information from which the summary was created. The electronic nature of the records is not a defense to failure to provide the information.

### 2. Other exhibits

Stacy alleges the magistrate erred in excluding additional exhibits. However, Stacy did not argue the erroneous exclusion of the exhibits on appeal to the district court. Where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court. *Wood v. Wood*, 124 Idaho 12, 16-17, 855 P.2d 473, 477-78 (Ct. App. 1993). Accordingly, we will not address this issue further.

### B. Child Support Amount

Stacy alleges that the magistrate erred in the amount of child support it ordered Mark to pay for their two children. At the time of the hearing, the parties stipulated that Mark's annual income was $550,000 and that Stacy's imputed annual income was $38,000. The child support guideline schedules provide computations for child support based upon income up to $300,000 per year. Idaho Rules of Family Procedure 126(J)(1). For income over $300,000, the guidelines provide:

The Guideline Income schedules are not a limitation on the award of child support for combined Guidelines Income above $300,000 per year. The support based on the first $300,000 shall be calculated by these Guidelines in proportion to the relative incomes of the parents. In determining any additional support for Guidelines Income above $300,000, the court shall consider all relevant factors, which may include:

(a) The financial resources of the child.

(b) The financial resources, needs, and obligations of both parents, consistent with [I.R.F.L.P. 126(F)(1)(c)].[1]

(c) The standard of living the child enjoyed during the marriage.

(d) The physical and emotional condition and needs of the child, including educational needs.

(e) Any special impairment, limitation or disability of the child and any need for special education.

(f) Any special ability or talent of the child and the cost of educating or training that ability or talent.

(g) Any special living conditions that create additional costs for the child.

I.R.F.L.P. 126(J)(4).

Stacy sought a child support award in excess of the guidelines amount. At the hearing on her motion to modify child support, Stacy argued that her children enjoyed a very high standard of living during the marriage and that the children had special abilities and talents that required special training. The magistrate appropriately analyzed all seven factors listed in I.R.F.L.P. 126(J)(4) and concluded that there was no basis for making an award of child support beyond the amount provided in the guidelines. The magistrate found that there was no evidence presented that the children had special abilities or talents that required training. In addition, the magistrate found that, with the modified child support award, Stacy had the financial resources to provide the children a standard of living at least consistent with that enjoyed during the marriage. Having reviewed the magistrate's findings of fact and conclusions of law, this Court holds that Stacy has not shown that the magistrate abused its discretion in declining to award Stacy child support in excess of that provided by the guidelines.

---

[1] Section 126 (F)(1)(c) provides: "Gross income ordinarily shall not include a parent's community property interest in the financial resources or obligations of a spouse who is not a parent of the child, unless compelling reasons exist. This subsection limits the application of *Yost v. Yost*, 112 Idaho 677, 735 P.2d 988 (1987)."

Stacy also alleges that the magistrate's decision was not supported by substantial and competent evidence. Having reviewed the hearing transcript, it is clear that the magistrate's decision was based upon the evidence presented at the hearing in the form of testimony by Mark and Stacy, in addition to admitted exhibits. Thus, we hold that the magistrate's decision was supported by substantial and competent evidence.

## C. Witness's Veracity

In its findings of fact and conclusions of law, the magistrate described what it believed[2] were discrepancies between Stacy's tax returns and financial affidavit provided to the magistrate. The magistrate stated that "these discrepancies place Stacy's voracity in question." As the parties both explain, it appears the magistrate intended to use the term "veracity," meaning accuracy or truthfulness. Stacy's argument with regard to the magistrate's statement is not clear. It appears Stacy is alleging the magistrate had a bias against her and, therefore, made its child support determination on improper grounds. Stacy's allegation is not supported by the record. The magistrate's child support award was determined by taking the stipulated incomes of Mark and Stacy and applying the rules outlined in the child support guidelines. Stacy has not shown that the magistrate erred in applying the child support guidelines to make a child support award.

## D. Tax Exemptions

Stacy alleges the magistrate erred in assigning the income tax exemptions to her, thus lowering the monthly child support. The Idaho support guidelines, I.R.F.L.P. 126(H)(3), provide:

> The actual federal and state income tax benefits recognized by the party entitled to claim the federal child dependency exemption should be considered in making a child support award. The parties may agree to an allocation of the dependency benefits. Otherwise, the court should assign the dependency exemption(s) to the parent who has the greater tax benefit calculated from the tables below using the marital status and guidelines income of each parent at the time of the child support award calculation. The parent not receiving the exemption(s) is entitled to a pro rata share of the income tax benefit or child tax credit in proportion to his/her share of the guidelines income. The pro rata share

---

[2] It appears that there were some minor discrepancies in the evidence. However, it appears the discrepancies may have been the result of miscommunication rather than intentional misleading.

of the income tax benefit will be either a credit against or in addition to the basic child support obligation and shall be included in the child support order.

As Stacy concedes, the exemptions had little value to Mark, and the magistrate followed the guidelines in awarding Stacy the tax exemptions for the children. Thus, the magistrate did not err.

**E.      Attorney Fees**

Stacy alleges the magistrate erred in denying her request for attorney fees pursuant to I.C. §§ 32-704, 32-705, and 12-121. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). In this case, there was no indication that Mark defended frivolously, unreasonably, or without foundation. Therefore, the magistrate did not err in failing to grant attorney fees pursuant to I.C. § 12-121 and I.A.R. 41.

Idaho Code Section 32-704(3) provides:

> The court may from time to time after considering the financial resources of both parties and the factors set forth in section 32-705, Idaho Code, order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this act and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

Idaho Code Section 32-705 establishes:

> 1.      Where a divorce is decreed, the court may grant a maintenance order if it finds that the spouse seeking maintenance:
>> (a)      Lacks sufficient property to provide for his or her reasonable needs; and
>> (b)      Is unable to support himself or herself through employment.
> 2.      The maintenance order shall be in such amounts and for such periods of time that the court deems just, after considering all relevant factors which may include:
>> (a)      The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;
>> (b)      The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;
>> (c)      The duration of the marriage;

(d)    The age and the physical and emotional condition of the spouse seeking maintenance;

(e)    The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;

(f)    The tax consequences to each spouse;

(g)    The fault of either party.

The Idaho Supreme Court has ruled:

> Pursuant to I.C. § 32-704, the district court has original jurisdiction in determining whether to require one spouse, during the pendency of an appeal from a judgment in a divorce action, to pay to the other spouse such sums as may be necessary for that spouse to prosecute or defend the action. Whether an award should be made, and if so, the amount of the award necessary to pay costs and attorney's fees on appeal, are issues addressed to the sound discretion of the trial court. Although attorney's fees and costs may be allowed on original application in this Court,
>
> > [i]t is the policy of this court to leave to the district court, under authority of section 32-704 I.C., the making and enforcing of all orders necessary to provide the wife with the means of prosecuting or defending on appeal, and temporary alimony, and to exercise its original jurisdiction only upon a showing that such action is necessary to the exercise of its appellate jurisdiction.

*Wilson v. Wilson*, 131 Idaho 533, 537, 960 P.2d 1262, 1266 (1998) (citations omitted) (quoting *Brashear v. Brashear*, 71 Idaho 158, 165, 229 P.2d 243, 247 (1951)). In order for a trial court to award attorney fees established by I.C. § 32-704(3), it is necessary that the court consider the factors set forth in I.C. § 32-705. *Jensen v. Jensen*, 128 Idaho 600, 606, 917 P.2d 757, 763 (1996).

Stacy argues that the magistrate erred in failing to award her attorney fees because Mark caused the case to proceed to court by failing to agree to her proposed child support amount. Stacy has cited no authority for the proposition that a failure to stipulate to a child support amount is justification for an award of attorney fees.

In addition, Stacy alleges that the magistrate erred in failing to award her attorney fees as a result of the discrepancy between her imputed income of $38,000 and Mark's income of $550,000. Stacy cites to a number of cases, including *Davies v. Davies*, 160 Idaho 74, 368 P.3d 1017 (Ct. App. 2016), to support her position. In that case, the magistrate awarded the wife attorney fees after considering both parties' assets and abilities to finance the litigation while

9

meeting ordinary expenses. Essentially, the magistrate found that the wife was unable to finance the litigation while meeting ordinary living expenses. This Court held that the husband failed to show that the magistrate abused its discretion in awarding the wife attorney fees. This case is distinguishable from *Davies*. Here, the magistrate found Stacy had sufficient resources to finance her litigation and meet her ordinary living expenses. Therefore, the magistrate determined that an award of attorney fees to Stacy was not appropriate. Stacy has not shown that the magistrate abused its discretion in denying her request for attorney fees.

Stacy also alleges the magistrate failed to properly consider the factors set forth in I.C. §§ 32-704 and 32-705 when it denied her request for attorney fees. However, Stacy misunderstands the magistrate's obligation regarding the I.C. § 32-705 elements. The magistrate must have considered and cited the factors listed in I.C. § 32-705 in its decision. *See Jensen*, 128 Idaho at 606, 917 P.2d at 763. The magistrate is not, however, required to discuss each individual element of I.C. § 32-705 in its decision. In this case, the magistrate demonstrated that it understood that I.C. §§ 32-704 and 32-705 governed the award of attorney fees when it explained that it had "reviewed and considered the factors under Idaho Code § 32-704 and Idaho Code § 32-705." While the magistrate did not analyze each factor in its opinion, it is clear that the magistrate *considered* the factors in I.C. §§ 32-704 and 32-705, as required.

Both parties request attorney fees on appeal. Stacy is not the prevailing party nor was she represented by counsel on appeal. Thus, her request is denied. In addition, this Court is not left with the abiding belief that the appeal has been brought frivolously, unreasonably, or without foundation by Stacy. Accordingly, Mark's request is denied. However, Mark is awarded costs on appeal.

### IV.

### CONCLUSION

Stacy has not shown that the magistrate erred in excluding several exhibits she offered at the hearing. Stacy has also not shown that the magistrate erred in calculating the amount of the child support award. In addition, Stacy has not shown that the magistrate erred in commenting on her veracity as a witness or in awarding her the tax exemptions for the children. Finally, Stacy has not shown that the magistrate erred in denying her request for attorney fees and has not pursued this appeal frivolously. Therefore, we affirm the district court's order affirming the

magistrate's judgment for modification of child support. Costs, but not attorney fees, are awarded to Mark on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.